**ROLLERBLADE, INC., Plaintiff,**

v.

**Joel RAPPELFELD, Blade Marketing International, Inc., and St. Martin's Press, Inc., Defendant.**

**Civ. No. 3–95–287.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 27, 1995.

Charles Andrew Mays, Nicole A Engisch, Leonard Street & Deinard, Minneapolis, MN, for Rollerblade, Inc.

Michael Curtis Mahoney, Stephen Paul Laitinen, Mahoney Hagberg & Rice, Minneapolis, MN, for Joel Rappelfeld, Blade Marketing International, Inc.

Paul Robert Hannah, Hannah & Zenner, St. Paul, MN, for St. Martin's Press, Inc.

## ORDER

DAVIS, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is—

ORDERED:

That the motion to dismiss of St. Martin's Press, Inc. [Docket No. 8] shall be, and hereby is, denied.

## REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

At Duluth, in the District of Minnesota, this 2nd day of November, 1995.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Motion of the Defendant St. Martin's Press, Inc. ("St. Martin's") to dismiss the Plaintiff's Complaint as to St. Martin's, but without prejudice, for the Plaintiff's failure to timely serve the Summons and Complaint upon St. Martin's.

A Hearing on the Motion was conducted on November 1, 1995, at which time the Plaintiff appeared by Nicole A. Engisch, Esq., and St. Martin's appeared by Stephen R. Baird, Esq.

For reasons which follow, we recommend that the Motion to Dismiss be denied.

## II. *Discussion*

Not having served its Summons and Complaint within the 120 days allowed by Rule 4(m), Federal Rules of Civil Procedure, the Plaintiff approached United States Magistrate Judge John M. Mason with an *ex parte* letter request that he allow them an additional twenty days in which to serve a Summons and Complaint upon St. Martin's. Apparently, confusion in the office of the Plaintiff's counsel resulted in the oversight of nonservice. In any event, by Order dated July 28, 1995, Magistrate Judge Mason allowed the Plaintiff an additional "twenty (20) days from the date of [his] order to serve the summons and complaint upon Defendant St. Martin's Press, Inc., without prejudice to any claim or defense of any defendant."

Thereafter, the Plaintiff perfected service upon St. Martin's and St. Martin's served and filed its Motion to dismiss. Since Magistrate Judge Mason recused himself from further participation in these proceedings, for reasons unrelated to the issues before us, the matter was referred to us, by the District Court, the Honorable Michael J. Davis presiding, for a Report and Recommendation. In essence, St. Martin's contends that, absent a showing of good cause, Magistrate Judge Mason was without jurisdiction to issue the Order of July 28 and, therefore, we should either treat that Order as a nullity, or reconsider the issue and dismiss this action as to St. Martin's. In response, the Plaintiff notes that good cause is not necessary, in every case, in order to authorize the extension of time to serve a Summons and Complaint, pursuant to the provisions of Rule 4(m), Federal Rules of Civil Procedure.

■ An extended discussion of St. Martin's Motion is unnecessary as we find it to raise "windmill tilting" to new heights. As Rule 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if

the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

We read this provision, which became effective on December 1, 1993, according to its clear import; namely, as denoting that the Court has discretion to either dismiss a Complaint that has not been served within 120 days after its filing, or to allow the service of the Complaint within a specified time. On the other hand, and quite apart from the Court's discretionary authority, "if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period." [Emphasis supplied].

Were we to have any doubt about our construction of Rule 4(m)—which we do not—that doubt would be fully resolved by the clear explanation of the Advisory Committee, which drafted the language of the Rule, and which has expressly stated:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b).

*Notes of Advisory Committee on Rules, 1993 Amendment.*

Of course, Rule 6(b) relates, in part, to extensions of time for the failure to perform an act due to excusable neglect. Notwithstanding the Advisory Committee's explicit recognition that the Court's discretion, pursuant to Rule 4(m), exceeds the allowance provided by "excusable neglect," St. Martin goes on at some length to argue that no showing of "excusable neglect" has been made by the Plaintiff here.

■ Similarly, St. Martin takes the Plaintiff to task—we think unjustifiably—for approaching Magistrate Judge Mason with a request for discretionary relief, as authorized by Rule 4(m). Although we can agree with the general proposition that *ex parte* contacts with the Court are not favored, we find nothing inappropriate in the approach that the Plaintiff pursued here. Until such time as

service is effected, the Court would have no knowledge as to who would be making an appearance on St. Martin's behalf. Of course, the Plaintiff could have contacted St. Martin's, in order to inquire as to the identity of any counsel they would retain to represent them in defending this action, but such a contact would seem inordinate, given the inconsequential nature of the contact with the Court. In an age when service can be effected by mailing a copy of the Summons and Complaint to the Defendant, we see little of substantive concern in securing the authorization to perform the same, or a similarly effective act of service, without the presence of the opposing party.

Relying upon authorities which are either outdated, in that they do not address the specifics of Rule 4(m), or are otherwise irrelevant, St. Martin's seeks to distinguish the authorities upon which the Plaintiff relies. Rather than to parse the respective decisions of the parties, we prefer to rely on our reading of the Rule, and upon the express mandate of Rule 1, Federal Rules of Civil Procedure, that the Rules should be "construed and administered to secure the just, speedy and inexpensive determination of every action." We see no compelling reason to dismiss, without prejudice, the Plaintiff's action against St. Martin's, merely to have the Plaintiff fulfill its promise of recommencing this action against St. Martin's, with the likely prospect that the Court will be confronted with a Motion to consolidate the resultantly paralleling actions. Undoubtedly, there are circumstances which will commend an exercise of the Court's discretion to dismiss an unserved Complaint, but we have no occasion now to limit the boundaries of the Court's exercise of this discretion.[1] No conceivable prejudice can arise from Magistrate Judge Mason's grant of leave to effect service upon St. Martin's and, we think, the time for quixotic digressions in the processing of Federal actions, such as the type that St. Martin's urges here, has long passed. Accordingly, we recommend that the District Court exercise its discretion, consistent with the clear import of Rule 1, and deny St. Martin's Motion to Dismiss.

THEREFORE, It is—

RECOMMENDED:

That the Motion to Dismiss of the Defendant St. Martin's Press, Inc. [Docket No. 8], be denied.

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D.Minn. LR1.1(f), and D.Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 16, 1995**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall

---

1. The Defendant suggests that the commentary of the Advisory Committee intimates an intent that the Court's discretion, to enlarge the time in which a Complaint may be served, should be reserved to those occasions where "the applicable statute of limitations would bar the refiled action, or [where] the defendant is evading service or conceals a defect in attempted service." As the Advisory Committee makes clear, however, these examples are not intended to be exhaustive, but merely illustrative of the circumstances which would warrant an exercise of the discretion to enlarge the period for service. Here, the Plaintiff's *ex parte* application was submitted to Magistrate Judge Mason on or about the 120th day after the filing of the Plaintiff's Complaint. In our view, if the expanse of the Court's discretion encompasses the worst-case scenario— where the inattention of Plaintiff's counsel allows the limitations period to expire—then we should be hard-pressed to find a justification for refusing to exercise that same discretion when far less draconian consequences result from the Plaintiff's inattention.

On the other hand, counsel for the Plaintiff should not mistake our Recommendation as a license to employ less than close regard for the timely prosecution of its claim. We think that, as a matter of practicality, the exercise of the Court's discretion to enlarge should be inversely related to the length of counsel's inattention after the expiration of the 120-day period prescribed by Rule 4(m)—that is, as the period of inattention expands, the potential for the exercise of discretion should decline.

timely order and file a complete transcript of that Hearing **by no later than November 16, 1995,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.